Hertha L. Lund
Lund Law PLLC
662 Ferguson Ave., Unit 2
Bozeman, MT 59718
Telephone:  (406) 586-6254
Facsimile:   (406) 586-6259
Lund@Lund-law.com

Elizabeth A. Brennan
Brennan Law & Mediation, PLLC
516 W. Mountain View Drive
Missoula, MT 59802
Telephone: (406) 721-6768
Facsimile: (877) 526-7628
Beth@BrennanLawandMediation.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | | |
|---|---|---|
| CROW ALLOTTEES ASSOCIATION, a | ) | |
| Montana non-profit corporation; | ) | Cause No. _____ |
| ROSALLA BEAR DON'T WALK; | ) | |
| SHARON BEAR DON'T WALK; LEEYA | ) | |
| BIG LAKE; IVA BULL SHOWS; ERMA | ) | **COMPLAINT** |
| JEAN FIGHTER MOCCASIN; CLAUDIA | ) | |
| E. FLATMOUTH; KATHLEEN L. | ) | |
| FLATMOUTH; LEON B. FLATMOUTH; | ) | |
| REBECCA K. FLATMOUTH; RONALD | ) | |
| J. FLATMOUTH; CARLSON GOES | ) | |
| AHEAD; ELIAS GOES AHEAD;  RHEA | ) | |
| GOES AHEAD; MICHAEL HILL; | ) | |
| FLOYD HORN; BEVERLY GREY BULL | ) | |
| HUBER; STEPHEN D. HUBER; | ) | |
| CHARLES JEFFERSON; LORETTA | ) | |
| JOHNSON; CHERYL OLD ELK; | ) | |
| HENRY OLD HORN; SHARON S. | ) | |
| PEREGOY; LEITA RIDES HORSE; | ) | |

ANGELA RUSSELL; LYNNA SMITH;                )
ALBERT STEWART; ALVIN H.                     )
STEWART, JR.; COURTNEY                       )
STEWART; MICHAEL B. STEWART;                 )
ISAAC TEETER; LEONARD TEETER;                )
ADA WHITE; PEGGY WHITE;                      )
FRANCIS JOE WHITE CLAY and                   )
SUSAN GARDNER WHITE SHIRT,                   )
                                             )
    Plaintiffs,                              )
                                             )
    v.                                       )
                                             )
UNITED STATES BUREAU OF INDIAN               )
AFFAIRS; UNITED STATES                       )
DEPARTMENT OF THE INTERIOR;                  )
and SALLY JEWELL, in her official            )
capacity as United States Secretary of       )
the Interior,                                )
                                             )
    Defendants.                              )
_____             )

## I.    INTRODUCTION

1.    This is an action for injunctive relief to compel the United States Department of Interior ("United States") to provide legal representation to the Crow Allottee Association and its members (the "Allottees") in negotiations, litigation, ratification, and implementation of the Crow Tribal Compact ("Crow Compact") (Mont. Code Ann. §§ 85-20-901, *et seq.*) and defend the Allottees' individual Indian reserved water rights.

2.     The Crow Tribe is a federally recognized tribe in eastern Montana. The Fort Laramie Treaty of 1868 recognized eight million acres of land as belonging to the Crow Tribe, and provided for individual tribal member allotments.

3.     In 1891, via an act of Congress, the Crow Tribe ceded two million acres of land to the federal government, which paid the Tribe $940,000. Crow tribal members were permitted to hold allotments on the ceded portion. In 1904, the federal government reduced the size of the Crow reservation to 2.3 million acres, its present size.

4.     The 1920 Crow Act allotted the remaining Crow reservation lands into tracts to every enrolled member of the Crow Tribe. Tribal members were issued trust patents, unless they elected in writing to have them patented in fee.

5.     The federal government has a fiduciary responsibility to individual allottees for the protection of their allotments held in trust by the United States. If the United States has a conflict of interest in its trust duties, it is obligated to ensure that the trust beneficiaries – in this case, the Crow Allottees – have independent legal counsel.

## II.    JURISDICTION AND VENUE

6.     The Court has jurisdiction over this action pursuant to 5 U.S.C.

§ 701 *et seq.* (providing for judicial review of federal agency action under the Administrative Procedure Act) and 28 U.S.C. § 1331 (providing jurisdiction over federal questions). The Allottees have exhausted all administrative remedies available to them.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district.

## III.   PARTIES

8.      Plaintiff Crow Allottee Association is a Montana nonprofit corporation with its principal place of business in Big Horn County, Montana. The Crow Allottee Association consists of members who are allottees on the Crow Indian Reservation. All individually named plaintiffs in this action are members of the Crow Allottee Association. The mission of the Crow Allottee Association is to educate the public and its members regarding the laws of the State of Montana and the laws of the United States of America, especially as those laws pertain to the water and property rights of the Allottees. The Crow Allottee Association endeavors to foster and maintain the trust relationship between the Allottees and the federal government, and to protect the Allottees' lands and natural resources, including providing legal support on behalf of the Allottees.

9.    Plaintiff Rosalla Bear Don't Walk is an enrolled member of the Crow Indian Tribe and has an ownership interest in 175 Allotments, totaling 33,243.59 acres within the boundaries of the Crow Reservation.

10.    Plaintiff Rosalla Bear Don't Walk has fractional interests in other allotments than the one she has a competent interest in.

11.    Ms. Bear Don't Walk has an interest in at least 8,745 irrigated or irrigable acres.

12.    Plaintiff Sharon Bear Don't Walk is an enrolled member of the Crow Indian Tribe and has an ownership interest in 174 Allotments, totaling 33,204.84 acres within the boundaries of the Crow Reservation.

13.    Plaintiff Sharon Bear Don't Walk has fractional interests in other allotments than the one she has a competent interest in.

14.    Ms. Bear Don't Walk has an interest in at least 1,155.8 irrigated or irrigable acres.

15.    Plaintiff Leeya Big Lake is an enrolled member of the Crow Indian Tribe and has a competent interest in Allotment No. 1648, which has 120 acres.

16.    Plaintiff Leeya Big Lake has fractional interests in other allotments than the one she has a competent interest in.

17.    Ms. Big Lake has an interest in at least 348.4 irrigated or irrigable acres.

18.    Plaintiff Iva Bull Shows is an enrolled member of the Crow Indian Tribe and has an interest in several Allotments.

19.    Plaintiff Erma Jean Fighter Moccasin is an enrolled member of the Crow Indian Tribe and has a competent interest in Allotment Nos. 4048 and 1173.

20.    Plaintiff Erma Jean Fighter Moccasin has fractional interests in other allotments than the one she has a competent interest in.

21.    Ms. Fighter Moccasin has an interest in at least 726.7 acres that are irrigated or irrigable.

22.    Plaintiffs Claudia E. Flatmouth, Kathleen L. Flatmouth, Leon B. Flatmouth, Rebecca E. Flatmouth, and Ronald Flatmouth (collectively referred to as "Flatmouths") are enrolled members of the Crow Indian Tribe and allottees who have competent interests in Allotment Nos: 831A – 112.64 acres; 923A – 160 acres; 923-B – 171.510 acres; 970B – 27.5 acres; 1878 – 680 acres; 1960F – 140 acres.

23.    Plaintiffs Flatmouths have fractional interests in other allotments than the ones they have a competent interest in.

24.    Plaintiff Carlson Goes Ahead is an enrolled member of the Crow

Indian Tribe and has an interest in several allotments.

25.    Plaintiff Elias Goes Ahead is an enrolled member of the Crow Indian Tribe and has an interest in several allotments.

26.    Plaintiff Elias Goes Ahead has fractional interests in other allotments than the one he has a competent interest in.

27.    Mr. Goes Ahead has an interest in at least 368.9 acres that are irrigated or irrigable.

28.    Plaintiff Rhea Goes Ahead is an enrolled member of the Crow Indian Tribe and has a competent interest in Allotment No. 2818.

29.    Plaintiff Rhea Goes Ahead has fractional interests in other allotments than the one she has a competent interest in.

30.    Ms. Goes Ahead has an interest in at least 143.7 acres that are irrigated or irrigable.

31.    Plaintiff Michael Hill is an enrolled member of the Crow Indian Tribe and has a competent interest in Allotment No. 1833, which has 720 acres.

32.    Plaintiff Michael Hill has fractional interests in other allotments than the one she has a competent interest in.

33.    Mr. Hill has an interest in at least 1184.1 acres that are irrigated or irrigable.

34.    Plaintiff Floyd Horn is an enrolled member of the Crow Indian Tribe and has an interest in several Allotments.

35.    Plaintiff Beverly Grey Bull Huber is an enrolled member of the Crow Indian Tribe and has an interest in several Allotments.

36.    Plaintiff Beverly Grey Bull Huber has an interest in at least 117.4 acres that are irrigated or irrigable.

37.    Plaintiff Stephen D. Huber is an enrolled member of the Crow Indian Tribe and has a competent interest in Allotment No. 3444C.

38.    Plaintiff Stephen Huber has an interest in at least 120 acres that are irrigated or irrigable.

39.    Plaintiff Charles Jefferson is an enrolled member of the Crow Indian Tribe and has a competent interest in Allotment No. 3304, which has 720 acres.

40.    Plaintiff Loretta Johnson is an enrolled member of the Crow Indian Tribe and has an interest in several Allotments.

41.    Plaintiff Loretta Johnson has fractional interests in other allotments than the one she has a competent interest in.

42.    Ms. Johnson has an interest in at least 555.3 acres that are irrigated or irrigable.

43.    Plaintiff Cheryl Old Elk is an enrolled member of the Crow

Indian Tribe and has an interest in several Allotments.

44.    Plaintiff Henry Old Horn is an enrolled member of the Crow Indian Tribe and has an interest in several Allotments.

45.    Plaintiff Henry Old Horn has an interest in at least 71.7 acres that are irrigated or irrigable.

46.    Plaintiff Sharon Peregoy is an enrolled member of the Crow Indian Tribe and has an ownership interest in 194 Allotments, totaling 22,854 acres within the boundaries of the Crow Reservation.

47.    Plaintiff Sharon Peregoy has fractional interests in other allotments than the one she has a competent interest in.

48.    Ms. Peregoy has an interest in at least 204.8 acres that are irrigated or irrigable.

49.    Plaintiff Leita Rides Horse is an enrolled member of the Crow Indian Tribe and has an interest in several Allotments.

50.    Plaintiff Leita Rides Horse has an interest in at least 817.4 acres that are irrigated or irrigable.

51.    Plaintiff Angela Russell is an enrolled member of the Crow Indian Tribe and has an interest in several Allotments.

52.    Plaintiff Angela Russell has an interest in at least 511.1 acres that are irrigated or irrigable.

53.     Plaintiff Lynna Smith is an enrolled member of the Crow Indian Tribe and has a competent interest in Allotment Nos. 3203, which has 720 acres, and 3317 B, which has 160 acres.

54.     Plaintiff Albert Stewart is an enrolled member of the Crow Indian Tribe and has an interest in several Allotments.

55.     Plaintiff Alvin H. Stewart, Jr. is an enrolled member of the Crow Indian Tribe and has an interest in several Allotments.

56.     Plaintiff Courtney Stewart is an enrolled member of the Crow Indian Tribe and has an interest in several Allotments.

57.     Plaintiff Michael B. Stewart is an enrolled member of the Crow Indian Tribe and has an interest in several Allotments.

58.     Plaintiff Isaac Teeter is an enrolled member of the Crow Indian Tribe and has an interest in several Allotments.

59.     Plaintiff Leonard Teeter is an enrolled member of the Crow Indian Tribe and has an interest in several Allotments.

60.     Plaintiff Ada White is an enrolled member of the Crow Indian Tribe and has an ownership interest in 12 Allotments, totaling 1,922 acres within the boundaries of the Crow Reservation.

61.     Plaintiff Ada White has fractional interests in other allotments than the one she has a competent interest in.

62.    Ms. White has an interest in at least 56.9 acres that are irrigated or irrigable.

63.    Plaintiff Peggy White is an enrolled member of the Crow Indian Tribe and has an interest in several Allotments.

64.    Plaintiff Peggy White has fractional interests in other allotments than the one she has a competent interest in.

65.    Ms. White has an interest in at least 153.3 acres that are irrigated or irrigable.

66.    Plaintiff Francis Joe White Clay is an enrolled member of the Crow Indian Tribe and has an interest in several Allotments.

67.    Plaintiff Francis Joe White Clay has as an interest in at least 80 acres that are irrigated or irrigable.

68.     Plaintiff Susan Gardner White Shirt is an enrolled member of the Crow Indian Tribe and has an interest in several Allotments.

69.    Defendant United States Department of Interior is the federal agency charged with administering the Bureau of Indian Affairs.

70.    Defendant Bureau of Indian Affairs is the primary federal agency charged with carrying out the United States' trust responsibility to American Indians.

71.    Defendant Secretary of the Interior Sally Jewell is the federal

official responsible for proper administration of the Bureau of Indian Affairs, and is the principal officer responsible for upholding the federal fiduciary relationship over tribal and Indian resources.

## IV.   STATEMENT OF FACTS

72.    Pursuant to the Crow Act of 1920, the United States authorized the allotment of tribal lands on the Crow Indian Reservation in Montana to individual tribal members.

73.    The Crow Tribe, the United States, and the State of Montana negotiated the Crow Compact over a period of nearly thirty years.  The compact was ratified by the 1999 Montana Legislature, and amended in 2009. Mont. Code Ann. § 85-20-901.

74.    The United States Congress ratified the Crow Compact in 2010 by passing the Crow Tribe Water Rights Settlement Act of 2010 ("Settlement Act"). P.L. 111-291 (Nov. 30, 2010). President Barack Obama signed the Settlement Act on Dec. 8, 2010. The Crow Tribal Council ratified the Compact in March 2011.

75.    The Compact is pending before the Montana Water Court for entry of a final decree confirming the Crow tribal water rights recognized by the state of Montana. The Montana Water Court issued a preliminary decree approving the compact in January 2013. Case No. WC-2012-06.

76.     Once the Water Court enters its final decree, Montana will recognize certain water rights as belonging exclusively to the Crow Tribe. It will not recognize any water rights as belonging exclusively to individual Allottees.

77.     The Crow Tribe does not have a system for maintaining or protecting water rights. The Compact requires the Tribe to develop and adopt a tribal water code within two years of the effective date of the Compact, but does not require specific protection of individual Allottees' water rights. The Compact obligates the Secretary of the Interior to administer and enforce the Tribal Water Right.

78.     The Compact closes several basins to further appropriation after the Compact is ratified, with one exception. The Montana Department of Natural Resources and Conservation may issue certificates of water rights or permits for use on fee land for appropriations of groundwater via a well or developed spring with a maximum appropriation of 35 gallons per minute or less, not to exceed 10 acre-feet per year – "unless the appropriation is a combined appropriation from the same source from two or more wells or developed springs exceeding the limitation." This exception mirrors the language of Montana's "exempt well" statute, M.C.A. § 85-2-306(3)(a)(iii).

79.    The DNRC has interpreted the phrase "combined appropriation" to mean only appropriations that are "physically manifold into the same system." A.R.M. 36.12.101(13). In other words, individual wells, no matter the number, are allowed regardless of the quantity of water they produce. The practical effect of this provision is to allow unlimited individual wells to appropriate groundwater, even in a closed basin.

80.    The Settlement Act is a full settlement and waiver of the Allottees' water rights and a release of the Allottees' water rights claims.

81.    Throughout the long history of negotiating this compact, the United States has represented to the Allottees that their interests were fully represented by the United States.

82.    On November 16, 2009, the Crow Allottees Association ("CAA") sent a letter the Assistant Secretary – Indian Affairs Larry Echo Hawk, stating:

> As you are no doubt aware, the Crow Tribal allottees of land on the Crow Reservation have a well established legal water right that is distinguishable and mutually exclusive to that of the Tribal water right. . . . CAA allottees have an individual right to be represented in the negotiation of a water settlement agreement which seeks to include Crow Tribal member allotees. CAA and its members **do not** wish to be represented by the Tribal Administration in connection with water quantification, allocation, and the negotiation of allottees water rights. (Emphasis in original).
> ...
> The Regional Director of the Bureau of Indian Affairs (BIA) for the Rocky Mountain Region (in which the Crow Tribe is situated) has

stated that the BIA has a trust responsibility over the natural resources of the tribes within this region. It has been our experience the BIA will neither aid nor assist CAA members in negotiations on the Crow Water Rights Settlement Act of 2009. CAA's memberships' water rights represents millions of dollars. Most CAA members are *in forma pauperis*. CAA requests that the Secretary of Interior provide CAA with adequate funds for CAA and or its individual members to employ a water rights lawyer of their choice, because the BIA has a conflict of interest in representing the federal government's water rights while simultaneously living up to its fiduciary responsibilities to Crow Tribal members claiming water rights.

*See* Exhibit A attached, November 16, 2009 letter from Crow Allottees Association to Larry Echohawk, Assistant Secretary of the Interior, Bureau of Indian Affairs.

83.    On February 5, 2010, Alletta Belin, Counselor to the Deputy

Secretary, responded to the CAA's letter and stated:

Your letter raises a number of difficult questions. At the outset, it is important to explain that the Department is aware of the unique right of allottees and how those rights might be impacted by the Compact entered into by the Crow Tribe and the State of Montana pending legislation before Congress to approve and ratify the Compact. The Department intends to continue working with Congress and the Tribe to ensure that allottee interests are appropriately addressed in any legislation approving the Compact.

The role to be played by individual allottees or allottee associations in settlement negotiations is complicated. I have been informed that there are thousands of allottees holding interests in trust lands on the Crow Reservation. Obviously, negotiating with this many people is a practical impossibility.

*See* Exhibit B, February 5, 2010 letter from Alletta Belin, Counselor to the Deputy Secretary, to the Crow Allottees Association.

84.    The Allottees have water rights for all practically irrigable

acreage ("PIA") on their allotted lands, whether they have historically irrigated all of that acreage or not. *State of Ariz. v. State of Cal.*, 373 U.S. 546 (1963).

85.    The Crow Tribe owns approximately 6% of the land within the boundaries of the Crow Reservation. Approximately 46% of the land within the boundaries of the Crow Reservation is owned by Allottees.

86.    In spite of the lack of a tribal water court or tribal water right system, and in spite of the fact that the Allottees own far more land on the Crow Reservation than does the Tribe, the Crow Compact allocates all of the reserved water rights on the Crow Indian Reservation to the Crow Tribe.

87.    The Compact does not allocate any water rights to the Allottees.

88.    The Compact neither requires nor provides for a tribal water code that recognizes and protects individual water rights held by Allottees.

## COUNT I
## VIOLATION OF THE U.S. GOVERNMENT'S FIDUCIARY DUTY TO THE INDIAN ALLOTTEES

89.    Plaintiffs reallege paragraphs 1 through 88 as though fully stated herein.

90.    The United States holds the Crow tribal water right in trust for the Allottees.  As trustee, the United States has a fiduciary duty to the

Allottees to protect their property rights.

91.    The United States negotiated and concluded the Crow Water Compact without the participation or informed consent of the Allottees.

92.    The United States, acting as trustee for the Allottees, surrendered the Allottees' individual water rights to the Crow Tribe without the Allottees' participation or consent. It failed to protect Allottees' individual water rights by requiring adjudication of individual water rights or ensuring the preservation of individual water rights in a tribal water system.

93.    The United States failed to protect individual Allottees' water rights or the Tribal water right from depletion by allowing DNRC's definition of "combined appropriations" into the Crow Compact.

94.    Section 410(a)(2) of the Settlement Act provides that the Allottees waive and release any claims they might have against the United States as trustee "in return for recognition of the water rights of the Tribe." This release of the Allottees' claims in return for recognition of tribal water rights – not individual water rights – fails as a matter of contract law. The Allottees are giving up a valuable right and are receiving no consideration in return.

95.    The Allottees were not informed of their abdication of water

rights or waiver of rights against the United States until after the fact.

96.     The United States' failure to protect the Allottees' individual water rights, and its wholesale surrender of those rights to the Crow Tribe, violated its fiduciary duty to the Allottees.

97.     The United States' release of the Allottees' claims against the United States in return for Tribal water rights without their consent violated its fiduciary duty to the Allottees.

## COUNT II
## VIOLATION OF THE ALLOTTEES' DUE PROCESS RIGHTS

98.     Plaintiffs reallege paragraphs 1 through 97 as though fully stated herein.

99.     In Montana, a water right is a real property right. The Montana and United States Constitutions provide protection for the Allottees' property rights.

100.   The Montana and United States Constitutions protect the Allottees' due process rights.

101.   The United States did not consult with the Allottees about their allotted land, their historically irrigated or their irrigable property, or the allocation of the Crow Indian reserved water right for the Plaintiff-Allottees.

102.   The Allottees were not represented by legal counsel in

negotiations with the State, United States or Crow Tribe.

103.   The Allottees have not been represented by legal counsel during the Montana Water Court proceedings related to the Crow Compact, and were assured by the United State that their interests were being protected.

104.   The United States deprived the Allottees of their water rights and property rights in the Compact.

105.   Further, the United States approved of the blanket waiver of all Allottees' claims against the United States in the Compact.

106.   By depriving the Allottees of their water rights and property rights and approving the waiver of all Allottees' claims without notice and without providing adequate legal counsel, the United States violated the Allottees' due process rights.

107.   The violation of the Allottees' due process rights is a violation of the Montana and federal constitutions.

## COUNT III
## VIOLATION OF 25 U.S.C. § 175

108.   The Allottees reallege paragraphs 1 through 107 as if fully stated herein.

109.   The Allottees are residents of the State of Montana and have an interest in their allotted lands.

110.    "In all States and Territories where there are reservations or

allotted Indians the United States attorney shall represent them in all suits at law and in equity." 25 U.S.C. § 175.

111.    The Allottees require representation by the United States attorney in the Montana Water Court to adequately protect their individual water rights.

112.    The Allottees repeatedly petitioned the United States for such legal representation but were denied in each attempt.

113.    The United States has failed to comply with its legal duty to provide the Allottees with adequate legal representation.

## REQUEST FOR RELIEF

WHEREFORE, the Allottees respectfully request that the Court order judgment as follows:

A.    Hold that the United States violated its fiduciary obligation to the Allottees by failing to ensure their property rights were protected by the Crow Compact;

B.    Hold that the Unites States violated the Allottees' due process rights by failing to ensure their property rights were protected by the Crow Compact;

C.    Hold that the United States violated its fiduciary obligation to the Allottees by releasing the Allottees' claims against the United States in

the Compact without notifying the Allottees, failing to provide for valuable consideration for the release, and failing to ensure the Allottees were provided adequate legal representation;

D.    Hold that the United States failed to comply with its obligations under 25 U.S.C. § 175;

E.    Order the United States to provide adequate legal counsel to the Allottees;

F.    Award the Allottees attorneys' fees and other litigation costs reasonably incurred in this action; and

G.    Grant the Allottees such other relief as the Court deems just and proper.

DATED this 15th day of May, 2014.


Lund Law, PLLC


By:    /s/ Hertha Lund
          Hertha L. Lund
          *Attorney for Allottees*