IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED

JUL 27 2015

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| CROW ALLOTTEES ASSOCIATION, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>MONTANA WATER COURT CHIEF JUDGE RUSSELL McELYA and ASSOCIATE WATER JUDGE DOUGLAS RITTER,<br><br>Defendants. | CV 14-62-BLG-SPW<br><br>OPINION and ORDER |

Before the Court are several motions related to the Plaintiffs' (collectively "Crow Allottees") claims against Defendants Montana Water Court Chief Judge Russell McElyea and Associate Water Judge Douglas Ritter (collectively "Water Judges"). Specifically, the Court is considering two Motions to Dismiss filed by the Water Judges and a Motion Requesting Leave of Court to File a Supplemented First Amended Complaint ("Motion to Supplement") filed by the Crow Allottees. For reasons discussed below, the Court finds that subsequent actions have mooted the claims for injunctive relief against the Water Judges. The Court also finds that the Crow Allottees' attempt to supplement their Amended Complaint would be futile. Accordingly, the Court denies the Crow Allottees' Motion to Supplement

and grants the Water Judges' second Motion to Dismiss, thereby rendering the Water Judges' first Motion to Dismiss moot.

**I. Background**

For a more complete factual and procedural background, please see this Court's June 30, 2015 Opinion and Order that granted the Federal Defendants' Motion for Judgment on the Pleadings (Doc. 59). The Court will only mention procedural facts necessary to put the Court's reasoning in context.

On October 24, 2012, the United States, Crow Tribe, and the State of Montana moved the Montana Water Court to issue a Final Decree pursuant to the Crow Tribe-Montana Water Rights Compact ("Compact"). In Spring 2013, at least 48 individual Crow allottees filed objections to the Compact. On May 15, 2014, the Crow Allottees appeared before the Water Court and moved to stay the proceedings.

Also on May 15, 2014, the Crow Allottees filed this action ("Federal Action"). In their First Amended Complaint, most claims were directed against the Federal Defendants. In Count VI, the Crow Allottees sought an injunction against the Water Judges to prevent further proceedings in the Water Court until this Court resolved the Federal Action. (Doc. 3 at 42-45).

On July 30, 2014, the Water Court dismissed the allottees' objections. On August 29, 2014, the Crow Allottees appealed the Water Court's decision to the

Montana Supreme Court. The appeal is currently fully briefed, and the Montana Supreme Court will be deciding the case sitting en banc.

On December 8, 2014, the Water Judges filed their first Motion to Dismiss in the Federal Action. In this motion, the Water Judges advanced three theories to support their argument that this Court could not grant an injunction against them. This Court has not ruled on that motion.

On May 27, 2015, the Water Court dismissed the remaining objections and approved the Compact. On June 3, 2015, the Water Court granted certification pursuant to Mont. R. Civ. P. 54(b) and entered final judgment. The remaining objectors have 60 days from June 3 to appeal the Water Court's final decision to the Montana Supreme Court. *See* Mont. R. App. P. 4(5)(a)(i).

On June 4, 2015, the Water Judges filed their second Motion to Dismiss. The Water Judges argued that since they adopted the Compact, the Crow Allottees could not now obtain an injunction prohibiting them from doing so. Therefore, the Water Judges concluded that the Crow Allottees' request for an injunction is moot.

The Crow Allottees responded on June 18, 2015. In the response, the Crow Allottees conceded that the Amended Complaint's request for an injunction was mooted by the Water Court's approval of the Compact. However, the Crow Allottees stated that they would remedy this problem by supplementing their

Amended Complaint to convert their request for injunctive relief to a request for declaratory relief.

The Crow Allottees filed their Motion to Supplement on June 22, 2015. In their proposed Supplemented First Amended Class Action Complaint, the Crow Allottees remove the request for an injunction. (Doc. 57-2 at 45-48). Instead, as pertaining to the Water Judges, the Crow Allottees seek a declaratory judgment that:

> ...k. The Montana Water Court has no jurisdiction to decide substantive issues of federal law;
>
> l. The Montana Water Court exceeded its jurisdiction when it dismissed Allottees' objections to the Crow Compact;
>
> m. The Montana Water Court exceeded its jurisdiction when it divested the Allottees of their property rights granted to them under federal law;
>
> n. The Montana Water Court exceeded its jurisdiction when it held the Allottees do not have reserved water rights separate from the Tribal reserved right;
>
> o. The Montana Water Court exceeded its jurisdiction when it held that under the Allottees' rights to use of the Tribal Water Right are allocated to the secretary of the Interior and then to the Tribe upon passage of a Tribal Water Code;
>
> p. The Montana Water Court exceeded its jurisdiction when it held that the Allottees were represented by the United States during the Crow Compact negotiating process;

q. The Montana Water Court exceeded its jurisdiction when it held that the Allottees could only object to the Crow Compact on the basis of fraud, overreaching, or collusion;

r. The Montana Water Court exceeded its jurisdiction when it held that the Allottees were not entitled to receive individual notice of the preliminary decree of the Crow Compact;

s. The Montana Water Court exceeded its jurisdiction when it held that a current use list was not necessary for approval of the Crow Compact; and,

t. The Montana Water Court's entry of its Order Approving Compact and Entry of Final Judgment are invalid.

(Doc. 57-2 at 49-51).

On June 30, 2015, this Court found that the Federal Defendants had not waived their sovereign immunity and granted their Motion for Judgment on the Pleadings. The Court now turns to the remaining outstanding motions.

**II. Standard**

In responding to the Water Judges' second Motion to Dismiss, the Crow Allottees concede that their injunction claims in the Amended Complaint are moot. The Crow Allottees seek to supplement the Amended Complaint to convert the injunction claims into declaratory relief claims. Accordingly, if this Court denies the Crow Allottees' Motion to Supplement, then the Court must grant the Water Judges' second Motion to Dimiss.

Fed. R. Civ. P. 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense.

Supplementation of pleadings under Rule 15(d) is "favored" and should be allowed "absent a showing of prejudice to the defendant." *Keith v. Volpe*, 858 F.2d 467, 473 and 475 (9th Cir. 1988). However, a Court can deny leave to supplement if the proposed changes would be futile to maintain a cause of action. *Oregon Natural Desert Ass'n v. McDaniel*, 282 F.R.D. 533, 537 (D. Or. 2012); *see also San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior*, 236 F.R.D. 491, 496 (E.D. Cal. 2006) (Leave to supplement should be "freely given in the absence of any apparent...*futility of amendment*") (emphasis in original) (internal quotation and brackets omitted).

## III. Analysis

The Court finds that the Crow Allottees' proposed supplementation would be futile. The proposed Supplemented Amended Complaint would amount to a de facto appeal from the Water Court's decision. Under federal statute and the *Rooker-Feldman* doctrine, only the Montana Supreme Court (and possibly the United States Supreme Court) can determine whether the Water Court committed legal error.

The *Rooker-Feldman* doctrine derives its name from the cases of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "*Rooker–Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). A de facto appeal occurs when the federal court claims are so "inextricably intertwined" with the state court's decision that adjudication of the federal action would undercut the state ruling. *Reusser v. Wachovia Bank N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). Underpinning the *Rooker-Feldman* doctrine is 28 U.S.C. § 1257, which only grants the United States Supreme Court appellate review of state court decisions. Since § 1257 only gives the United States Supreme Court appellate power over state courts, it impliedly prohibits appellate power over state courts in lower federal courts. *Kougasian*, 359 F.3d at 1139. *Rooker-Feldman* applies only when a federal plaintiff both: (1) asserts his injury was legal error by the state courts, and (2) seeks as his remedy relief from the state court judgment. *Id.* at 1136.

The Court recognizes that the *Rooker-Feldman* doctrine only occupies a "narrow ground." *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). The only instances where the United States Supreme Court has applied the *Rooker-Feldman* doctrine to dismiss a case were in the cases of *Rooker*

and *Feldman* themselves. *Skinner v. Switzer*, 562 U.S. 521, 531 (2011). Lower federal courts have previously construed the *Rooker-Feldman* doctrine "far beyond the contours of the *Rooker* and *Feldman* cases." *Exxon Mobile*, 544 U.S. at 283; *see also Lance v. Dennis*, 546 U.S. 459, 468 (Stevens, J., dissenting) (stating that in the past few decades, the *Rooker-Feldman* doctrine "has produced nothing but mischief"). However, despite the Supreme Court's narrowing of the *Rooker-Feldman* doctrine, it still serves to preclude "a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013).

Here, the Court finds that the Crow Allottees proposed supplementations are barred by the *Rooker-Feldman* doctrine. While they phrase their requested relief as declaratory judgments, the Crow Allottees seek to supplement their Amended Complaint to include a de facto appeal of the Water Court's decisions. Crow Allotees request that this Court declare that the "Montana Water Court's entry of its Order Approving Compact and Entry of Final Judgment are invalid." (Doc. 57-2 at 51). They claim that the Water Court committed legal error and exceeded its jurisdiction by considering the Compact. (*Id.* at 49-51).

If the Crow Allottees believe the Water Judges committed legal error, the proper remedy lies in an appeal to the Montana Supreme Court. In fact, the Crow Allottees have already briefed these issues in their appeal before the Montana Supreme Court. *See* Appellants Allottees'/Objectors' Opening Brief, *In the Matter of the Adjudication of Existing and Reserved Rights to the Use of Water, Both Surface and Underground, of the Crow Tribe of Indians of the State of Montana* (Mont. Jan. 23, 2015) (No. DA 14-0567).[1] Under 28 U.S.C. § 1257 and the accompanying *Rooker-Feldman* doctrine, this Court cannot hear this de facto appeal from the Water Court's ruling. Since these declarations would be the only relief sought against the Water Judges in the Crow Allottees' Proposed Supplemented Amended Complaint, the supplementations would be futile.

**IV. Conclusion**

Subsequent actions by the Water Judges have mooted the Crow Allottees' original claims against them. The Crow Allottees' proposed Supplemented Amended Complaint would be futile to maintain a viable cause of action against the Water Judges. Accordingly, IT IS HEREBY ORDERED:

1. The Crow Allottees' Motion Requesting Leave of Court to File a Supplemented First Amended Complaint (Doc. 57) is DENIED.

2. The Water Judges' second Motion to Dismiss (Doc. 47) is GRANTED.

[1] The Montana Supreme Court docket is available at https://supremecourtdocket.mt.gov/activecase.jsp (last accessed July 20, 2015).

3. The Water Judges' first Motion to Dismiss is rendered moot by this decision, and is DENIED.

4. The Clerk of Court shall close this case and enter judgment against the Crow Allottees.

DATED this 27th day of July, 2015.

SUSAN P. WATTERS
United States District Judge